IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID MARQUEZ,

    Plaintiff,

v.                                                                       Civ. No. 23-67 KG/GBW

COUNTY BOARD OF COMMISSIONERS
OF THE COUNTY OF BERNALILLO, *et al.*,

    Defendants.

**ORDER GRANTING *IN FORMA PAUPERIS* APPLICATION, DENYING MOTION TO APPOINT COUNSEL, AND EXTENDING AMENDMENT DEADLINE**

THIS MATTER is before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (the "IFP Motion"). *Doc. 4*. Also before the Court are Plaintiff's Motion for Appointment of Counsel (*doc. 5*), and Plaintiff's Motion for Extension of Time to File a Complaint (*doc. 6*).

1. The IFP Motion Shall be Granted

Plaintiff's financial information reflects he is unable to prepay the $402 filing fee for his prisoner civil rights complaint. The Court will therefore grant Plaintiff leave to proceed *in forma pauperis*, which reduces the fee to $350, and allow Plaintiff to pay in installments. *See* 28 U.S.C. § 1915(b). Plaintiff must make an initial partial payment of "20 percent of the greater of . . . (A) [his] average monthly deposits … or (B) the average monthly balance" for the six-month period immediately preceding this action. *Id.*

Plaintiff receives an average of $440.45 per month, and his average monthly balance is $81.83.  *See doc. 4* at 3-44.  The Court will assess an initial payment of $88.09 (which is 20% of the greater figure, $440.45) pursuant to § 1915(b)(1)(A).  After payment of the initial partial fee, Plaintiff is "required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account" until the $350 filing fee is paid in full.  28 U.S.C. § 1915(b)(2).  The Court will generally not address the merits of Plaintiff's claims unless the initial partial payment is paid or excused.  If Plaintiff fails to timely make the initial partial payment, his complaint may be dismissed without further notice.

    2.   The Motion to Appoint Counsel Shall be Denied.

"Courts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take the case" on a *pro bono* basis.  *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016).  The decision is a matter of discretion, and as there are hundreds of requests for legal representation each year, and only a small number of attorneys available to accept these request, *id.*, the Court can request an attorney to take a case only in "extreme cases where the lack of counsel [will] result[] in fundamental unfairness," *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012).

In determining whether to request that an attorney take the case, the Court considers factors like "the merits of the claims, the nature of the claims, [the inmate's] ability to present the claims, and the complexity of the issues." *Rachel*, 820 F.3d at 397.

Considering these factors in the context of the present case, the Court will not request a local attorney to represent Plaintiff on a *pro bono* basis.  At this stage, there is no indication of the relative complexity of this case and Plaintiff has not demonstrated an inability to prosecute the action.  The Court will therefore deny the Motion to Appoint Counsel without prejudice and Plaintiff must file a complaint, which will be subject to initial review pursuant to 28 U.S.C. § 1915A.

  3. <u>Plaintiff's Motion for an Extension Shall be Granted</u>.

On February 7, 2023, the Court set a thirty-day deadline within which Plaintiff was required to file a complaint.  *Doc. 2*.  In a timely filed Motion, Plaintiff seeks a thirty-day extension within which to file a complaint.  *Doc. 6*.  As grounds therefor, Plaintiff states that he is awaiting legal materials requested from the institutional law library.  *Id*.  The Court finds good cause to grant the request.  The deadline for Plaintiff to file a complaint shall be extended by thirty days from the entry of this order.  Failure to timely file a complaint may result in dismissal of this case without further notice.

Therefore, IT IS ORDERED that the IFP Motion (*Doc. 4*) is GRANTED**.**

IT IS FURTHER ORDERED that, **within thirty (30) days from entry of this order,** Plaintiff shall send to the Clerk an initial partial payment of **$88.09**.

IT IS FURTHER ORDERED that the Clerk is directed to provide Plaintiff with two copies of this Order, and that Plaintiff make the necessary arrangements to attach one copy of this order to the check in the amount of the initial partial payment.

IT IS FURTHER ORDERED that, after payment of the initial partial fee, Plaintiff make monthly payments of twenty percent (20%) of the preceding month's income credited to his account or show cause why the designated payments should be excused.

IT IS FURTHER ORDERED that the Motion to Appoint Counsel (*doc. 5*) is DENIED without Prejudice**.**

IT IS FINALLY ORDERED that the Motion for Extension of Time to File a Complaint (*doc. 6*) is GRANTED.  Plaintiff shall have **thirty days from the entry of this Order** to file a Complaint.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE