# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DAVID MARQUEZ,

      Plaintiff,

v.                                              No. 23-cv-67-KG-GBW

MAYOR OF THE CITY OF ALBUQERQUE,
COUNTY BOARD OF COMMISSIONERS
OF THE COUNTY OF BERNALILLO,
CHIEF OF THE BERNALILLO COUNTY
METROPOLITAN DETENTION CENTER,
LISA MORTON, CAPTAIN GARY TRUJILLO JR.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff David Marquez's Prisoner Complaint for Violation of Civil Rights, filed March 8, 2023. (Doc. 3) (the "Complaint"). When he filed the Complaint, Plaintiff was a pretrial detainee at the Bernalillo County Metropolitan Detention Center (MDC). He is proceeding *pro se* and *in forma pauperis*. Plaintiff claims that the conditions of confinement at MDC violated his rights guaranteed by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. (Doc. 3 at 6). Having reviewed the Complaint and the relevant law pursuant to the screening requirement of 28 U.S.C. § 1915A, the Court concludes the Complaint must be dismissed for failure to state a claim upon which relief can be granted. Plaintiff will be given an opportunity to file an amended complaint.

I.      Background.

For the limited purpose of this Memorandum Opinion and Order, the Court assumes that the following facts taken from the allegations in the Complaint are true.

Plaintiff alleges that beginning on September 1, he was locked down in his cell for 116 consecutive hours; beginning on September 24, he was locked down for 72 consecutive hours; and beginning on October 4, 2022, he was locked down for 84 consecutive hours.  (Doc. 3 at 6). He alleges that the Chief of MDC, Captain Gary Trujillo Jr., and MDC shift supervisors "structured and coordinated these lockdowns that were excessive and forceful" and which affected 63 other inmates housed in the same unit.  (Doc. 3 at 6). Plaintiff alleges the lockdowns caused him "pain, suffering, and emotional distress." (Doc. 3 at 6). Through numerous grievance processes, Plaintiff presented his complaints to jail officials. (Doc. 3 at 10). He received numerous responses, which, he claims generally, admitted the issues, and agreed with him, but did not lead to a resolution. (Id.).

Citing case law, Plaintiff claims he will show that these conditions created a substantial risk of serious mental and physical harm, including a risk of suicide. (Doc. 3 at 8). He claims that he will show that the named defendants were deliberately indifferent to the substantial risk of serious mental harm, that they knew of and disregarded the fact that inmates were receiving inadequate out-of-cell time during the excessive lockdowns, that they were aware of facts from which the inference could be drawn that a substantial risk of mental harm existed, and that they drew the inference.  (Doc. 3 at 8). These claims are targeted at "Defendants" generally, and the Complaint does not specify what *facts* he would rely on to satisfy these legal standards..

Plaintiff seeks injunctive relief and monetary damages for his claim that his right to humane conditions of confinement, protected by the Fourteenth Amendments to the United States Constitution, and mirroring the protections guaranteed by the Eight Amendment was violated. (Doc. 3 at 6). Plaintiff apparently seeks also to state a claim for an alleged violation of his Fifth Amendment due process rights. (Doc. 3 at 6).

II.     <u>Analysis.</u>

   A.     <u>Standard of Review</u>.

As Plaintiff is proceeding *pro se* in this civil action against governmental entities and officials, the Complaint must be screened under 28 U.S.C. § 1915A. The Court must dismiss a complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915A(b)(1). A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Among other things, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because he is *pro se*, the Court construes Plaintiff's pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (discussing the Court's construction of *pro se* pleadings). This means that "if the court can reasonably read the pleadings to state valid claim on which [he] could prevail, it should do so despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction or his unfamiliarity with pleading requirements." *Id.*  It does not mean, however, that the court should "assume the role of [his] advocate" by developing legal theories for him. *Id.*

   B.     <u>Pleading Standards Governing a § 1983 Claim.</u>

Section 1983 of Title 42 allows a person whose federal rights have been violated by state or local officials "acting under color of state law" to sue those officials. A § 1983 claim is

comprised of two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *McLaughlin v. Bd. of Trustees of State Colls. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000). Additionally, a plaintiff must make it clear in his complaint "exactly *who* is alleged to have done what to *whom*, to provide each individual [defendant] with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against" defendants, generally. *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).

      C.      <u>The Complaint Does Not State a Viable § 1983 Claim Against any Defendant.</u>

      1.      <u>Claims Against Bernalillo County.</u>

A county may be held liable under 42 U.S.C. § 1983 only for its own unconstitutional or illegal policies and not for the tortious acts of its employees. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978) ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). For § 1983 municipal-liability purposes "a formally promulgated policy, a well-settled custom or practice, a final decision by a municipal policymaker, or deliberately indifferent training or supervision" are considered an "official policy or custom." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013).

Municipal liability is limited "to action for which the municipality is actually responsible," which is different from the acts of its employees. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986).  To state a viable claim against a county, a plaintiff must therefore allege facts showing that an official policy led to the alleged harm. *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir.

1998). This requires the plaintiff to show "(1) a causal relationship between the policy or custom and the [alleged violation of a Constitutional right] and (2) deliberate indifference." *Burke v. Regaldo*, 935 F.3d 960, 999 (10th Cir. 2019). The "deliberate indifference" standard may be satisfied by showing that "a municipal actor disregarded a known or obvious consequence of" the attending custom or policy. *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

Plaintiff has not alleged the existence of an unconstitutional official policy or custom or demonstrated a causal connection between such policy or custom and the alleged deprivations. The § 1983 claims against the County must therefore be dismissed. To the extent Plaintiff's seeks to state claims against the MDC chief, Lisa Morton, or Gary Trujillo, Jr. in their official capacities, such claims are dismissed on the same ground because "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent[.]" *Monell*, 436 U.S. at 691.

2.     Claims Against the Mayor of Albuquerque.

It is not clear what Plaintiff's claims might be against the Mayor of Albuquerque in his individual or official capacities. MDC is a county jail, and the Complaint does not include factual allegations against the mayor as an individual or against the city as an entity. The absence of allegations against the mayor and/or the city warrants dismissal of Plaintiff's claims against them. *Robbins*, 519 F.3d at 1250. If Plaintiff chooses to amend his complaint and chooses to include the City of Albuquerque as a defendant, he should follow the legal framework established in *Monell* (discussed in the previous section). As to potential claims against the mayor, in an individual capacity such claims would require specific allegations stating what the mayor personally did in violation of Plaintiff's constitutional rights. *Robbins*, 519 F.3d at 1250.

3. <u>Claims Against the Mortion, Trujillo, Jr. and the Chief of MDC.</u>

Plaintiff's claims against the defendants Lisa Morton, Gary Trujillo, Jr., and the Chief of MDC in their individual capacities must be dismissed because they fail to identify what any of them did personally in violation of Plaintiff's constitutional rights. *See Robbins*, 519 F.3d at 1250 (requiring plaintiff to identify "exactly *who* is alleged to have done what to *whom*"). To state a viable claim, a plaintiff must include allegations that are specific enough to give each defendant "fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against" defendants, generally. *Robbins* at 1250 (10th Cir. 2008). If Plaintiff chooses to file a second amended complaint and wishes to include claims against these defendants, he should state specifically what each individually named defendant allegedly did in violation of his constitutional rights.

4. <u>Additionally/in the Alternative Plaintiff's Claims Fail on Substantive Grounds.</u>

The Eighth Amendment prohibition against cruel and unusual punishment requires prison officials to provide humane conditions of confinement by ensuring inmates receive the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). These necessities include "adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from serious bodily harm." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). Although pretrial detainees are protected under the due process clause of the Fourteenth Amendment rather than under the Eighth Amendment, the standards governing claims of inhumane conditions of confinement are the same. *Strain v. Regaldo*, 977 F.3d 984, 989 (10th Cir. 2020); *Van Curen v. McClain Cnty. Bd. of Cnty. Comm'rs*, 4 F. App'x 554, 556 (10th Cir. 2001).

To prove that prison conditions amount to cruel and unusual punishment, the plaintiff must prove, among other things, that the condition complained of is, "objectively, sufficiently serious"

that it "results in the denial of the minimal civilized measure of life's necessities[.]" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Additionally, the plaintiff must satisfy a subjective component. In the municipal liability context, the subjective component is satisfied by showing the municipality had actual or constructive notice that its action or inaction would almost certainly result in a constitutional violation, and it consciously disregarded the risk of harm. *Layton v. Bd. of Cnty. Comm'rs of Oklahoma Cnty.*, 512 F. App'x 861, 871 (10th Cir. 2013). For individual liability, a plaintiff may satisfy the subjective component by showing that a state actor knew about, but disregarded, a substantial risk of harm.  Conclusory allegations—*i.e.*, reciting the legal principles, without specific factual development—are insufficient. *Hall*, 935 F.2d at 1110.

Plaintiff's Complaint is based upon lockdowns at MDC. In some circumstances, extended periods of in-cell lockdown satisfy the objective component of an Eighth Amendment claim.  *See, e.g.*, *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 810 (10th Cir. 1999) ("[T]here can be no doubt that total denial of exercise for an extended period of time would constitute cruel and unusual punishment[.]"); *Thompson v. Lengerich*, 798 F. App'x 204, 212 (10th Cir. 2019) (holding that prolonged lockdowns and increased danger to inmates resulting from policy of understaffing stated Eighth Amendment claim). On the other hand, conditions of confinement may be restrictive and harsh without violating the Eighth Amendment. *Barney v. Pulsipher*, 143 F.3d 1299, 1311-12 (10th Cir. 1998). An important factor is the length of time the at-issue condition persisted. *Id.* at 1312. Here, Plaintiff alleges that he was locked down on three occasions: once for approximately five days (84 hours), once for three days (72 hours), and once for three and a half days (84 hours). (Doc. 3 at 6). In the context of incarceration, the lockdowns were not objectively sufficiently serious to implicate the prohibition on cruel and unusual punishment. *See id.* (noting that eleven day stay in unsanitary cell did not constitute Eighth Amendment violation because duration was

7

relatively brief); *Hill v. Pugh*, 75 Fed. App'x 715, 721 (10th Cir. 2003) (finding no cruel and unusual punishment where inmate was "isolated in his cell twenty-three hours a day for five days a week and twenty-four hours the remaining two days"). Nor do Plaintiff's other allegations rise to the level of unconstitutional conditions of confinement. Aside from the implication that he did not have access to outdoor or out-of-cell recreation during these lockdowns, Plaintiff does not allege that he was deprived of life's necessities: adequate food, clothing, shelter, sanitation, medical care, or that he was in danger of serious bodily harm. Finally, in a medical/mental health treatment context, a condition is objectively sufficiently serious when it "has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Al-Turki v. Robinson*, 762 F.3d 1188, 1192-93 (10th Cir. 2014). Plaintiff's vague and generalized allegations that he experienced pain, suffering, and mental distress—which are apparently intended to invoke the theory of deliberate indifference to medical needs—are insufficient to satisfy the objective component. Even if the allegations were sufficient to satisfy the objective component, however, Plaintiff's claim would fail on other grounds.

To state a viable Eighth Amendment claim, the plaintiff must plead facts satisfying the subjective component as well. The Complaint is devoid of allegations showing that a municipal policy underlay the staffing shortage or the resulting complained-of conditions at MDC. *See generally*, *Thompson*, 798 F. App'x at 212 (failing to remedy ongoing constitutional violations may show municipality's deliberate indifference); *Bond v. Oklahoma Cnty. Crim. Just. Auth.*, No. CIV-23-05-D, 2023 WL 2878772, at *4 (W.D. Okla. Apr. 10, 2023) (holding plaintiff stated viable claim by showing municipality maintained custom of understaffing and inadequately supervising jail, was on notice that deficiencies posed significant risks to inmate safety, and consciously disregarded risks).  Also absent are allegations showing that any individual knew of, but remained

deliberately indifferent to, a serious risk of harm. Plaintiff alleges that he experienced pain, suffering, and mental distress, but he does not allege facts showing that any of the individual defendants "kn[e]w of and disregard[ed] an excessive risk to [his] health or safety." *Strain*, 977 F.3d at 990. His allegations concerning the grievance process do not specify what he complained of, what the responses were, and whether and if so how, the exchange reflected the subjective level of indifference required to satisfy the Eighth Amendment principles.

To the extent Plaintiff attempts to build his claims based on conditions or maltreatment suffered by other inmates, he lacks standing to seek redress for injuries committed against others. *Swoboda v. Dubach*, 992 F.2d 286, 290 (10th Cir. 1993).

     5.   Plaintiff's Fifth Amendment Due Process Claim.

The Fifth Amendment's Due Process Clause forbids the federal government from depriving any person "of life, liberty, or property, without due process of law." U.S. Const. amend. V. "The requirements of procedural due process apply only to the deprivations of interests encompassed by the [constitutional] protection of liberty and property." *Al-Turki v. Tomsic*, 926 F.3d 610, 614 (10th Cir. 2019). "Therefore, to state a procedural due process claim, a plaintiff must establish (1) the deprivation of (2) a constitutionally cognizable liberty or property interest, (3) without adequate due process procedures." *Abdi v. Wray*, 942 F.3d 1019, 1031 (10th Cir. 2019). The Complaint does not include any factual allegations that would appear to support a Fifth Amendment due process claim. To the extent Plaintiff wishes to pursue a claim of this nature, he should endeavor, in an amended complaint, to plead facts satisfying these legal standards.

     D.   Plaintiff May File an Amended Complaint.

Generally, *pro se* plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to

amend should be granted unless the amendment would be futile. *Hall*, 935 F.2d at 1109. Accordingly, Plaintiff shall be granted a thirty-day deadline within which to file an amended complaint. If Plaintiff declines to timely amend, the Court may dismiss the case with prejudice.

　　　　IT IS THEREFORE ORDERED that:

(1)　　Plaintiff's Prisoner Complaint for Violation of Civil Rights filed March 8, 2023, (Doc. 3) is DISMISSED without prejudice.

(2)　　Plaintiff is granted leave to file an amended complaint within thirty days of the entry of this Memorandum Opinion and Order.

(3)　　Failure to timely amend may result in dismissal of this action without further notice.

_____
UNITED STATES DISTRICT JUDGE