IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID MARQUEZ,

      Plaintiff,

v.                                                                                                                  No. 23-cv-67-KG-GBW

MAYOR OF THE CITY OF ALBUQERQUE,
COUNTY BOARD OF COMMISSIONERS
OF THE COUNTY OF BERNALILLO,
CHIEF OF THE BERNALILLO COUNTY
METROPOLITAN DETENTION CENTER,
LISA MORTON, CAPTAIN GARY TRUJILLO JR.,

      Defendants.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court following Plaintiff David Marquez's failure to file an amended complaint as directed. When Plaintiff commenced this case, he was a pretrial detainee at the Bernalillo County Metropolitan Detention Center (MDC). He is proceeding *pro se* and *in forma pauperis*. In his Prisoner Complaint for Violation of Civil Rights, filed March 8, 2023 (Doc. 3) (the "Complaint"), Plaintiff claimed that the conditions of confinement at MDC violated his rights guaranteed by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. (Doc. 3 at 6).

Specifically, Plaintiff alleged that beginning on September 1, 2022, he was locked down in his cell for 116 consecutive hours, beginning on September 24, he was locked down for 72 consecutive hours and beginning on October 4, he was locked down for 84 consecutive hours. (Doc. 3 at 6). He alleged that the Chief of MDC, Captain Gary Trujillo Jr., and MDC shift supervisors "structured and coordinated these lockdowns that were excessive and forceful," affecting him and 63 other inmates housed in the same unit. (Doc. 3 at 6). Plaintiff alleged the

lockdowns caused him "pain, suffering, and emotional distress." (Doc. 3 at 6). Through numerous grievance processes, Plaintiff presented his complaints to jail officials. (Doc. 3 at 10). He received numerous responses, which, allegedly acknowledged the issues, and agreed with his complaints, but did not lead to a resolution. (Id.).

In language consistent with the governing legal standards, Plaintiff claimed the conditions created a substantial risk of serious mental and physical harm, including a risk of suicide. (Doc. 3 at 8). He also alleged the named defendants were deliberately indifferent to the substantial risk of serious mental harm, that they knew of and disregarded the fact that inmates were receiving inadequate out-of-cell time during the excessive lockdowns, that they were aware of facts from which the inference could be drawn that a substantial risk of mental harm existed, and that they drew the inference. (Doc. 3 at 8). These claims were targeted at "Defendants," generally, and did not specify what *facts* he would rely on to satisfy these legal standards.

Plaintiff sought injunctive relief and monetary damages for his claim that his right to humane conditions of confinement, protected by the Fourteenth Amendments to the United States Constitution, and mirroring the protections guaranteed by the Eighth Amendment was violated. (Doc. 3 at 6). Plaintiff apparently sought also to state a claim for an alleged violation of his Fifth Amendment due process rights. (Doc. 3 at 6).

By a Memorandum Opinion and Order entered January 23, 2024, the Court screened the Complaint and determined it fails to state a cognizable claim. (Doc. 19) (the Screening Ruling). Summarized, the Court determined that Plaintiff's claims against Bernalillo County were not viable because he did not identify an official policy or custom underlying the alleged harm. Nor did he plead facts satisfying the deliberate indifference standard. The Court provided a summary of the law governing these legal standards and concepts. (Doc. 19 at 4-5).

As to Plaintiff's claims against Lisa Morton, Gary Trujillo, Jr., and the Chief of MDC in their individual capacities, the Court explained that because Plaintiff failed to identify what any of them did personally in violation of Plaintiff's constitutional rights, the claims must be dismissed. The Court summarized the relevant law on this point to facilitate Plaintiff's ability to amend. (Doc. 19 at 6).

The nature of Plaintiff's claims against the mayor were not identifiable in the Complaint. The Court noted that MDC is a county jail, and the Complaint does not include factual allegations against the mayor as an individual or against the city as an entity and held that the absence of allegations against the mayor and/or the city warrants dismissal of Plaintiff's claims against them. (Doc. 19 at 5). The Court explained that if Plaintiff chose to amend his complaint and chose to include the City of Albuquerque as a defendant, he should follow the legal framework established in *Monell*, which was set forth in the Screening Ruling. (Id.) And, as to potential claims against the mayor in an individual capacity, the Court explained that such claims would require specific allegations stating what the mayor personally did in violation of Plaintiff's constitutional rights. (Id.).

To further facilitate Plaintiff's ability to file a viable amended complaint, the Court also canvassed the substantive law governing Plaintiff's claims. The Court summarized the governing law and pleading standards governing an Eighth Amendment claim (Doc. 19 at 6-9) and a Fifth Amendment due process claim (Doc. 19 at 9). As to both, the Court provided Plaintiff with the substantive framework to plead a viable claim if he chose to do so. (Doc. 19 at 6-9).

Consistent with *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990), the Court *sua sponte* permitted Plaintiff to file an amended complaint curing the above deficiencies within thirty days. Plaintiff was warned that the failure to timely file an amended complaint will result

in the dismissal of this case with prejudice. Granting a Letter-Motion to Extend Time filed by Plaintiff's relative, the Court extended the amendment deadline to April 8, 2024. (Doc. 21). Plaintiff did not file an amended complaint or otherwise respond to the Screening Ruling by the extended deadline. The Court will therefore dismiss this action, including the Amended Complaint for Violation of Civil Rights, filed March 8, 2023, with prejudice pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

    IT IS ORDERED that Plaintiff's Complaint (Doc. 3) is DISMISSED with prejudice. The Court will order a separate judgment closing this civil case.

_____
UNITED STATES DISTRICT JUDGE